## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS GREENHILL, individually and | ) | |
| On behalf of others similarly situated as | ) | |
| Plaintiff/Class Representative | ) | |
| | ) | **Jury Demanded** |
| **Plaintiffs** | ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| RV WORLD, LLC d/b/a CAMPING | ) | |
| WORLD OF MARION | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>COMPLAINT</u>

Plaintiffs Thomas Greenhill ("Greenhill" or "Plaintiff") brings this action individually and on behalf of all current and former hourly employees who were not paid for all the time they were required to be at work, time and a half for all hours worked in excess of 40 hours (hereinafter "Plaintiff and the Putative Class Members") while employees of RV World, LLC d/b/a Camping World of Marion ( "Defendant") anywhere in the United States, at any time, from July 10, 2021, through the final disposition of this matter. Plaintiff and the Putative Class Members bring this action to recover compensation, liquidated damages, treble damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b) ("FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/ et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 et seq. ("IWPCA").

Plaintiffs assert their FLSA claims as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while Plaintiffs assert the claims under the IMWL and IWPCA as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal

1

knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## **OVERVIEW**

1.      This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq., the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq., for failure to pay Plaintiffs time and a half for hours worked in excess of forty-hours, and failure to pay agreed compensation in breach of the IWPCA. Defendants' unlawful compensation practices have had the effect of denying Plaintiffs their lawfully earned wages.

2.      Furthermore, this is an action for the common law claim of breach of contract and unjust enrichment under Illinois common law.

3.      Plaintiff and the Putative Class Members are similarly situated persons who worked for Defendant at any time from May 10, 2021, through the final disposition of this matter and have not been paid for all hours worked nor overtime for hours worked in excess of forty (40) hours per workweek.

4.      Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

5.      During the relevant time period, Defendant knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime for hours worked in excess of forty (40) hours per week on a routine and regular basis.

6.     Defendant's regular practice –was (and is) to pay Plaintiff and Putative Class Members set amounts based on the type of projects they completed even though they regularly worked (and continue to work) and were (and continue to be) required to stay at the job site for more hours than it took for them to complete the projects they were assigned.

7.     Defendant's regular practice was (and is) to pay Plaintiff and Putative Class members set amounts based upon completion of projects even during weeks when Plaintiff and the Putative Class Members worked (and continue to work) overtime in excess of forty (40) hours in a workweek.

8.     Defendant's regular practice was (and is) to require that Plaintiff and Putative Class Members that worked (or work) more than forty (40) hours in a workweek not clock any hours worked over forty (40) hours in a workweek. Plaintiff and the Putative Class Members worked most if not all of their overtime hours "off the clock" at the direction of and as required by Defendant.

9.     The effect of Defendant's practices was (and continues to be) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, Defendant has failed to properly compensate Plaintiff and the Putative Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime for hours worked in excess of forty (40 hours per workweek.

10.     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

11.     Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) and to recover all unpaid overtime and other damages owed under IMWL and

IWPCA as well as Illinois common law actions as class actions pursuant to Federal Rules of Civil Procedure 23.

12.    Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

13.    Plaintiff also prays that the Court certifies the Rule 23 class as defined therein and that Plaintiff Greenhill be named Class Representative.

## JURISDICTION & VENUE

14.    The jurisdiction of this Court over this controversy is invoked pursuant to 28 U.S.C. §§ 1267 and 1331, 29 U.S.C. §§ 216(b), and 2617.

15.    This Court has supplemental jurisdiction for this action under 28 U.S.C. § 1367.

16.    Venue is proper in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1391 because Defendants conduct business within this District.

17.    This Court has personal jurisdiction over Defendant because the cause of action arose within the district as a result of Defendant's conduct within this District and Division.

## PARTIES

6.    Plaintiff Thomas Greenhill (hereinafter "***Plaintiff Greenhill***") is an adult male resident of Jackson County, Illinois, whom Defendant employed within the meaning of the statutes pursuant to which Plaintiff Greenhill brings claims.

7.    Plaintiff Greenhill performed work for Defendants, an Illinois entity, in Illinois.

8.    The Putative Class Members are those current and former hourly employees who were employed by Defendant at any time from May 10, 2021, through the final disposition of this

matter and whom Defendant subjected to the same illegal pay system under which Plaintiff Greenhill worked and was paid.

9.     At all times relevant herein, Defendant acted through their servants and agents.

10.     At all times relevant herein, Defendant was Plaintiff Greenhill and the Putative Class Members (hereinafter collectively ***"Plaintiffs"***) employer within the meaning of the FLSA (29 U.S.C. § 203).

11.     At all times relevant herein, Plaintiffs were individual employees hired by Defendant to engage in commerce for purposes of 29 U.S.C. §§ 206 and 207.

12.     At all times relevant herein, Defendant was Plaintiff's employer within the meaning of the IMWL (820 ILCS 105/3).

13.     At all times relevant herein, Defendant was Plaintiffs' employer within the meaning of the (IWPCA 820 ILCS 115/2), as:

    a.  Defendant is headquartered and/or maintains its principal place of business in Illinois;

    b.  Defendant is an Illinois employer;

    c.   A significant portion of the hours Plaintiffs worked was within Illinois; and

14.     The IWPCA provides jurisdiction over claims regardless of whether the work was performed in part or whole within Illinois, so long as the employer is based in Illinois (Ill. Admin. Code tit. 56, § 300.440).

15.     At all times relevant herein, Plaintiff and the Putative Class Members were Defendant's employees as defined by the IWPCA. 820 ILCS 112/5; Ill. Admin. Code tit. 56, § 300.440.

16.     At all material times, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

17.     On or about December 20, 2021, Defendant hired Plaintiff Greenhill as an RV tech.

18.     Plaintiff Greenhill's job duties included fixing vehicles and replacing parts for customers when they brought vehicles to Defendant's premises.

19.     Pursuant to the agreement between Defendant and Plaintiff Greenhill, Plaintiff Greenhill was to work and receive $18 per hour.

20.     After completing school two weeks later, Defendant promised Plaintiff Greenhill an hourly wage of $20 per hour.

21.     Plaintiff Greenhill worked between 40 and 50 hours per week.

22.     Defendant required Plaintiff Greenhill to clock in and clock out.

23.     Defendant required Plaintiff Greenhill to be on the premises and available to work between 40 and 50 hours per week whether he had work to fill all those hours or not.

24.     Despite working 40 to 50 hours per week, Defendant only paid Plaintiff Greenhill a flat rate determined based on the number of specific tasks Defendant assigned Plaintiff Greenhill to complete and was not paid for all hours he was required to be at work.

25.     Defendants regularly did not pay Plaintiff Greenhill for all the hours he worked.

26.    Defendants regularly did not pay Plaintiff Greenhill time and a half when he worked in excess of forty (40) hours in a workweek.

27.    Defendant retained the right to control and exercised extensive control over the work of Plaintiff Greenhill.

28.    On or about June 16, 2022, Plaintiff Greenhill resigned from his employment with Defendant.

29.    Defendant employs (and continues to employ) numerous hourly workers – including Plaintiff and other individuals that comprise the putative or potential class.

30.    While exact job titles may differ, Defendant subjects these hourly employees to the same or similar illegal pay practices for similar work.

31.    None of the FLSA exemptions relieving a covered employer (such as Defendant) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

32.    Plaintiff and the Putative Class Members are similarly situated with respect to their job duties.

33.    Plaintiff and the Putative Class Members are similarly situated with respect to their pay structure.

34.    Plaintiff and the Putative Class Members are similarly situated with respect to the policies and practices of Defendant, resulting in the abovementioned FLSA, IMWL, IWPCA, and Illinois common law violations.

35.    Defendant's systemic failure to pay Plaintiff and the Putative Class Members for all the time they were required to be on the property for work resulted (and continues to result) in

Plaintiff and the Putative Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA, IWPCA, and IMWL.

36.    As a result of Defendant's failure to compensate Plaintiff and the Putative Class Members for performing work and/or being required to be at work when they had no work to complete, Plaintiff and the Putative Class Members worked both straight time hours and overtime hours for which they were not compensated.

37.    Defendant knew or should have known that it was (and is) miscalculating Plaintiff and the Putative Class Members' regular rates of pay and also failing to pay the proper amount of overtime compensation to Plaintiff and Putative Class members in violation of the FLSA, IWPCA, and IMWL.

38.    Defendant knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

39.    Defendant knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to be on the property and not paid for the time on the property would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

40.    Because Defendant did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) hours in a workweek, Defendant's pay policies and practices willfully violated the FLSA.

41.    Because Defendant did not pay Plaintiff and the Putative Class Members straight time for all hours worked and/or when Defendant required Plaintiff and the Putative Class

Members to be on the property and available for work, Defendant's pay policies and practices willfully violated the FLSA.

42.    Because Defendant did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) hours in a workweek, Defendant's pay policies and practices willfully violated the IMWL.

43.    Because Defendant did not pay Plaintiff and the Putative Class Members straight time for all hours worked and/or when Defendant required Plaintiff and the Putative Class Members to be on the property and available for work, Defendant's pay policies and practices willfully violated the IMWL.

44.    Because Defendant did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) hours in a workweek, Defendant's pay policies and practices willfully violated the IWPCA.

45.    Because Defendant did not pay Plaintiff and the Putative Class Members straight time for all hours worked and/or when Defendant required Plaintiff and the Putative Class Members to be on the property and available for work, Defendant's pay policies and practices willfully violated the IWPCA.

## COUNT I:
## DEFENDANTS VIOLATED THE FAIR LABOR STANDARD ACT BY FAILING TO PAY PLAINTIFFS OVERTIME

46.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the above paragraphs.

47.    The FLSA Collective is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR RV WORLD, LLC D/B/A CAMPING WORLD OF MARION, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JULY 13, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER AND WERE SUBJECT TO PAYMENT NOT BASED ON HOURS**

**REQUIRED TO BE ON THE PREMISES AND AVAILABLE TO WORK OR HOURS WORKED BUT BASED ON THE TYPE OF PROJECT THEY WERE ASSIGNED TO COMPLETE ("FLSA COLLECTIVE MEMBERS")**

48.    This count arises from Defendants' violation of FLSA, 29 U.S.C. § 201 et seq. for Defendants failing to compensate Plaintiff and FLSA Collective Members ("hereinafter collectively Plaintiffs") at least the applicable federal overtime wage for each hour for which they were employed over more than 40 hours in a week.

49.    From December 20, 2021, until June 16, 2022, Defendants violated 29 U.S.C. §207 by employing Plaintiff Greenhill in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA as aforesaid and failing to pay him at a rate not less than one and one-half times the regular rate at which he is employed for each hour that he was employed and worked more than forty (40) hours in a workweek.

50.    From July 10, 2021, to the final disposition of this matter, Defendants violated 29 U.S.C. §207 by employing FLSA Collective Members in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA as aforesaid and failing to pay them at a rate not less than one and one-half times the regular rate at which they are employed for each hour that they were employed and worked more than (40)forty hours in a workweek.

51.    Defendant was Plaintiff and FLSA Collective Members' employer, and Plaintiff was Defendant's employees, within the meaning of the FLSA.

52.    Defendant's actions in deliberately underpaying Plaintiffs, in violation of the FLSA, were made with Defendant's express knowledge and/or at Defendant's instruction.

53.    As a result of these underpayments, Plaintiffs suffered damages in the form of unpaid overtime wages.

54.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Defendant's employees who are (or were) similarly situated to Plaintiff Greenhill with regard to the work they performed and the manner in which they were paid.

55.     Other similarly situated employees of Defendant have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

56.     The FLSA Collective Members are defined in paragraph 47.

57.     Defendant's failure to pay Plaintiff and the FLSA Collective Members time and half for the hours in excess of forty (40) hours as required by the FLSA results from generally applicable policies and practices of Defendant and is not dependent on the personal circumstances of Plaintiff or the FLSA Collective Members.

58.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

59.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

60.     All of the FLSA Collective Members – regardless of their specific job titles, precise job requirements, rates of pay, or job locations – are entitled to be properly compensated time and a half for the hours in excess of forty (40) hours in a workweek.

61.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

62.     Absent a collective action, many members of the proposed FLSA Collective will not likely obtain redress for their injuries, and Defendant will retain the proceeds of their violations.

63.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the class and provide for judicial consistency.

64.     Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs, as in paragraph 47.

WHEREFORE, Plaintiff and FLSA Collective Members respectfully request that the Court enter judgment as follows:

 a.   Judgment in the amount of Plaintiffs unpaid wages;

 b.   Liquidated damages in an amount equal to the amount of Plaintiffs unpaid wage;

 c.   Interest as allowed by law;

 d.   An award of reasonable attorney's fees;

 e.   Costs incurred in filing and prosecuting this action; and

 f.   Such additional relief as this Court deems appropriate and just.

## COUNT II
## DEFENDANTS VIOLATED THE ILLINOIS MINIMUM WAGE ACT BY FAILING TO PAY PLAINTIFFS OVERTIME

65.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the above paragraph.

66.     The Illinois Class is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR RV WORLD, LLC D/B/A CAMPING WORLD OF MARION, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JULY 13, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER AND WERE SUBJECT TO PAYMENT NOT BASED ON HOURS REQUIRED TO BE ON THE PREMISES AND AVAILABLE TO WORK OR HOURS WORKED BUT BASED ON THE TYPE OF PROJECT THEY WERE ASSIGNED TO COMPLETE ("Illinois Class Members")**

67. This count arises from Defendant's violation of IMWL, 820 ILCS 105/4, et seq. for Defendant's failure to compensate Plaintiff Greenhill and Illinois Class Members (hereinafter collectively "Plaintiffs") and at least the applicable state overtime rate for each hour for which they were employed and worked more than forty hours in a workweek.

68. Throughout the entirety of Plaintiff Greenhill and Illinois Class Members' employment, Defendant violated 820 Ill. Comp. Stat. Ann. 105/4 by failing to pay Plaintiff Greenhill and Illinois Class Members one and a half times the regular rate at which they were employed and worked more than forty (40) hours in a workweek.

69. Defendant was Plaintiff Greenhill and Illinois Class Members' employer, and Plaintiff Greenhill and Illinois Class Members were Defendant's employees, within the meaning of the IMWL.820 Ill. Comp. Sta. 105/3(c), (d). 201.

70. Defendant's actions in deliberately failing to pay Plaintiffs time and a half for hours worked in excess of forty (40) hours in a workweek, in violation of the IMWL, were made with Defendant's express knowledge and/or instruction.

71. As a result of these underpayments, Plaintiffs suffered damages in the form of unpaid overtime wages.

72. Plaintiff Greenhill and Illinois Class Members are non-exempt employees who are entitled to be paid time and a half for hours worked in excess of forty (40) hours in a workweek.

73. Defendant has a company-wide policy and practice of failing to pay Plaintiff Greenhill and Illinois Class Members time and a half for hours worked in excess of forty (40) hours. 820 ILCS 105/4a.

74.    As a result of Defendant's illegal and company-wide policies applicable to Plaintiff Greenhill and Illinois Class Members' wages and its failure to pay the applicable overtime wage to Illinois Class Members, Defendant violated the IMWL.

75.    Defendant's failure to pay for all hours worked to the Illinois Class Members who performed work on behalf of Defendant in Illinois is part of a continuing code of conduct.

76.    Plaintiff Greenhill and Illinois Class Members who performed work on behalf of Defendant in Illinois are entitled to invoke the benefits of IMWL.

77.    As a result, this action may encompass all violations that occurred as part of Defendant's continuing course of conduct regardless of the date on which they occurred.

78.    Plaintiff Greenhill and Illinois Class Members have suffered damages and continue to suffer damages as a result of Defendants' actions or omissions described therein, though Defendant is in possession and control of necessary documents and information from which the Illinois Class Members would be able to precisely calculate damages.

79.    Plaintiff Greenhill brings his Illinois claims pursuant to Illinois statutes as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of all similarly situated individuals employed by Defendant to work in Illinois since May 10, 2021.

80.    Class action treatment of Plaintiff Greenhill and the Illinois Class Members' claims is appropriate, because, as alleged below, all of FRCP 23's class action requisites are satisfied.

81.    The number of Illinois Class Members is so numerous that the joinder of all class members is impracticable.

82.    Plaintiff Greenhill is a member of the Illinois Class, his claims are typical of the claims of other Illinois Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

83.     Plaintiff Greenhill and his counsel will fairly and adequately represent the Illinois Class Members and their interests.

84.     Class certification is appropriate under the Federal Rule of Civil Procedure ("FRCP") 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

85.     Accordingly, the Illinois Class should be certified as defined in Paragraph 66.

86.     As a result of these underpayments, Plaintiff and Illinois Class Members suffered damages in the form of unpaid wages.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment as follows:

a.   Judgment in the amount of Plaintiffs unpaid wages;

b.   Treble damages in an amount equal to the amount of Plaintiffs unpaid wage;

c.   Statutory interest penalties of 5% monthly as allowed by law;

d.   An award of reasonable attorney's fees;

e.   Costs incurred in filing and prosecuting this action; and

f.   Such additional relief as this Court deems appropriate and just.

## COUNT III:
## DEFENDANTS VIOLATED THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT BY FAILING TO PAY PLAINTIFF THE AGREED-UPON WAGE

87.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the above.

88.     The Illinois Class is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR RV WORLD, LLC D/B/A CAMPING WORLD OF MARION, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JULY 13, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER AND WERE SUBJECT TO PAYMENT NOT BASED ON HOURS**

**REQUIRED TO BE ON THE PREMISES AND AVAILABLE TO WORK OR HOURS WORKED BUT BASED ON THE TYPE OF PROJECT THEY WERE ASSIGNED TO COMPLETE ("Illinois Class Members")**

89.     This count arises from Defendant's violation of the IWPCA for breach of Defendant's agreements with Plaintiff Greenhill and Illinois Class Members (hereinafter collectively "Plaintiffs").

90.     Defendants failed to pay Plaintiff Greenhill the agreed-upon rate of 18 and later 20 dollars per hour pursuant to their respective agreed terms of compensation.

91.     Defendants failed to pay Illinois Class Members the agreed-upon hourly rate pursuant to their respective agreed terms of compensation.

92.     Defendants breached their agreement by not paying Plaintiff Greenhill and Illinois Class Members the agreed-upon rate, violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

93.     Illinois Department of Labor regulations set forth, in relevant part: Section 300.720 Written Agreement Authorizing Deductions a) Any written agreement between employer and claimant permitting or authorizing deductions from wages or final compensation must be given freely at the time the deduction is made. In the case of cash advances, the agreement may be made either at the time of the deduction or at the time of the advance itself. Ill. Admin. Code tit. 56, § 300.720.

94.     Likewise, this deduction was not made with Plaintiff Greenhill or Illinois Class Members' express written consent, and given freely at the time of the deduction, in violation of the IWPCA, 820 ILCS 115/9.

95.     Defendants failed to provide or obtain the proper notice required under the IWPCA.

96.     Defendant was Plaintiff Greenhill and Illinois Class Members' employer, and Plaintiff and Illinois Class Members were Defendant's employees within the meaning of the IWPCA.

97.     Defendant's actions in deliberately underpaying Plaintiff Greenhill and Illinois Class Members, in violation of the IWPCA, were made with Defendant's express knowledge and/or instruction.

98.     As a result of these non-payments and/or partial payments, Plaintiff Greenhill and Illinois Class Members suffered damages in the form of lost compensation.

99.     Plaintiff Greenhill and Illinois Class Members are non-exempt employees.

100.    Defendant has a company-wide policy and practice of unlawfully deducting pay from the paychecks of Plaintiff Greenhill and Illinois Class Members.

101.    As a result of Defendant's illegal and company-wide policies applicable to Plaintiff Greenhill and Illinois Class Members' wages and its unlawful deductions to Plaintiff Greenhill and Illinois Class Members, Defendant violated the IWPCA.

102.    Defendant's unlawful deduction to Greenhill and Illinois Class Members who performed work on behalf of Defendant in Illinois is part of a continuing code of conduct.

103.    Plaintiff Greenhill and Illinois Class Members who performed work on behalf of Defendant in Illinois are entitled to invoke the benefits of IWPCA.

104.    As a result, this action may encompass all violations that occurred as part of Defendant's continuing course of conduct regardless of the date on which they occurred.

105.    Plaintiff Greenhill and Illinois Class Members have suffered damages and continue to suffer damages as a result of Defendants' actions or omissions described therein, though

17

Defendant is in possession and control of necessary documents and information from which the Illinois Class Members would be able to precisely calculate damages.

106.    Plaintiff Greenhill brings his Illinois claims pursuant to Illinois Statutes as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23 on behalf of all similarly situated individuals employed by Defendant to work in Illinois since May 10, 2021.

107.    Class action treatment of Plaintiff Greenhill and the Illinois Class Members' claims is appropriate, because, as alleged below, all of FRCP 23's class action requisites are satisfied.

108.    The number of Illinois Class Members is so numerous that the joinder of all class members is impracticable.

109.    Plaintiff Greenhill is a member of the Illinois Class, his claims are typical of the claims of other Illinois Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

110.    Plaintiff Greenhill and his counsel will fairly and adequately represent the Illinois Class Members and their interests.

111.    Class certification is appropriate under Federal Rules of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

112.    Accordingly, the Illinois Class should be certified as defined in Paragraph 88.

WHEREFORE, Plaintiff Greenhill and Illinois Class Members respectfully request that the Court enter judgment as follows:

     a.    A judgment in the amount of Plaintiffs unpaid wages;

b.  An award of statutory damages equal to 2% of the amount of unpaid bonus for each month following the date of the payment during which underpayments remain unpaid;

c.  An award of reasonable attorney's fees;

d.  Costs incurred in filing and prosecuting this action; and

e.  Such additional relief as this Court deems appropriate and just.

**COUNT IV:**
**BREACH OF CONTRACT FOR PLAINTIFF GREENHILL**

113.  Plaintiff re-alleges and incorporates by reference the allegations set forth in the above paragraphs.

114.  Defendant offered Plaintiff Greenhill compensation in the amount of $18 per hour and later $20 per hour worked.

115.  Plaintiff accepted this offer and agreed to perform work for Defendant under those terms.

116.  Defendant, as Plaintiff's employer, breached the terms of their contract when it failed to pay him the agreed-upon rate.

117.  As a direct result of Defendant's breach of its contracts with each Plaintiff, each Plaintiff has suffered damages in the form of lost earned compensation and earning less than parties agreed to pursuant to the terms of their respective oral contracts with Defendant.

Wherefore, respectfully request that the Court enter judgment as follows:

a.  Payment of Plaintiff's respective agreed and promised wages;

b.  Such other relief as this Court deems just and appropriate.

**JURY DEMAND**

118.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully demand a trial by jury on all issues triable by a jury.

Respectfully Submitted,

By: ___*Michelle K. Faron*_____
Michelle Faron, #6322507
Sarah Jane Hunt
Nicole Matlock
Kennedy Hunt, P. C.
4500 West Pine Blvd.
St. Louis, MO 63108
(314) 872-9041
(314) 872-9043 fax
(314) 880-4461 direct
michelle@kennedyhuntlaw.com
sarahjane@kennedyhuntlaw.com
nmatlock@kennedyhuntlaw.com